# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| DANIEL DICLEMENTI § | |
| § | |
| v. § | Civil Action No. 4:17-CV-485 |
| § | Judge Mazzant |
| USAA FEDERAL SAVINGS BANK, § | |
| VIKING CLIENT SERVICES, INC. AND § | |
| CLIENT SERVICES, INC. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant USAA Federal Savings Bank's ("USAA") Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(3), (5), and (6) (Dkt. #16). After reviewing the relevant pleadings and motion, the Court finds USAA's motion should be granted.

## BACKGROUND

This case arises out of a debt owed by Plaintiff Daniel Diclementi to USAA. Plaintiff alleges USAA failed to honor a renegotiation contract that he and Defendant Viking Client Services ("Viking"), on behalf of USAA, entered into. As a result of the alleged breach, Plaintiff filed suit in Denton County, Texas[1] for breach of contract, breach of implied covenant of good faith and fair dealing, and various violations of the Texas Fair Debt Collection Practices Act. On July 7, 2017, Viking removed the case to this Court (Dkt. #1).

---

[1] Although Plaintiff's state court petition (Dkt. #2) indicates that Plaintiff filed this suit in Bexar County, Texas, other documents indicate the action initiated in Denton County. This is evident by the Denton County's Register of Actions (Dkt. #1, Exhibit 2 at p. 1), Viking's Original Answer (Dkt. #1, Exhibit 2 at p. 20) filed in Denton County, and Defendant Client Services, Inc.'s Original Answer (Dkt. #1, Exhibit 2 at p. 23) filed in Denton County. As such, despite the discrepancy, the Court assumes for purposes of this analysis that Plaintiff filed this lawsuit in Denton, not Bexar, County, Texas.

On November 2, 2017, USAA filed its Motion to Dismiss (Dkt. #16). On November 16, 2017, Plaintiff filed his response (Dkt. #17), and on November 27, 2017, USAA filed its reply (Dkt. #18).

## LEGAL STANDARD

### I. 12(b)(3)

Federal Rule of Civil Procedure 12(b)(3) allows a party the ability to move the Court to dismiss an action for "improper venue." Once a defendant raises improper venue by motion, "the burden of sustaining venue will be on Plaintiff." *Cincinnati Ins. Co. v. RBP Chemical Tech., Inc.*, No. 1:07-CV-699, 2008 WL 686156, at *5 (E.D. Tex. Mar. 6, 2008) (citations omitted). "Plaintiff may carry this burden by establishing facts that, if taken to be true, establish proper venue." *Id.* (citations omitted). The Court "must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Mayfield v. Sallyport Global Holdings, Inc.*, No. 6:16-CV-459, 2014 WL 978685, at *1 (E.D. Tex. Mar. 5, 2014) (citing *Ambraco, Inc. v. Bossclip, B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009)). In determining whether venue is proper, "the Court may look beyond the complaint to evidence submitted by the parties." *Ambraco*, 570 F.3d at 238. If venue is improper, the Court must dismiss it, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); FED. R. CIV. P. 12(b)(3).

### II. 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) provides that a party may file a motion to dismiss for insufficient service of process. A district court has "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994). Federal Rule 4(m) permits dismissal of a suit if the plaintiff fails to serve a

defendant within 90 days of filing, but provides that "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." FED. R. CIV. P. 4(m); *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008). "[G]ood cause under Rule 4(m) requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Gartin*, 289 F. App'x at 692 (citing *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1999)).

**III.  12(b)(6)**

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-

3

pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing [C]ourt to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

USAA makes three arguments for why dismissal is appropriate. First, under Rule 12(b)(3), USAA avers venue is improper. Second, under Rule 12(b)(5), USAA contends Plaintiff failed to properly serve USAA. Finally, under 12(b)(6), USAA claims Plaintiff fails to state a claim upon which relief can be granted. Conversely, Plaintiff avers that venue is proper, that he served USAA "in a manner consist[ent] with USAA's policy for accepting process," and that all his claims are sufficiently pleaded (Dkt. #17 at ¶¶ 7–8, 10). Because the Court finds venue is improper, it is unnecessary to address USAA's 12(b)(5) and 12(b)(6) arguments.

**I. Rule 12(b)(3) – Improper Venue**

USAA argues that venue is improper. Specifically, USAA contends proper venue lies in the Western District of Texas. As such, USAA requests that the Court dismiss or, in the alternative, transfer the case. Plaintiff claims venue is proper, but that "it may be proper for the Court to transfer this case to another venue." (Dkt. #17 at ¶ 27).

Under § 1391, a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391 (b)(1)–(2). If no district satisfies either of these options, venue is appropriate in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *Id.* § 1391 (b)(3).

USAA contends venue is proper in the Western District of Texas because that is where a substantial part of the alleged events or omissions giving rise to the claim occurred. Conversely, Plaintiff alleges venue is proper because USAA removed the case to the Eastern District.

Plaintiff's state court petition states that "[v]enue is proper in Bexar County, Texas, because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Bexar County, Texas." (Dkt. #2 at ¶ 9). Bexar County is within the Western District of Texas. As such, the Court finds venue is proper in the Western District of Texas.

Plaintiff argues USAA concedes venue is proper because USAA removed the case to the Eastern District. The Court finds this argument is misplaced. Under § 1441(a), a civil action brought in state court may be removed to the district court and division embracing the place where such action is pending. Thus, USAA's only option for removing the case involved removing it to

the "division embracing the place where such action is pending"—the Eastern District. As such, venue is technically proper here only because USAA removed the case from Denton County, not because USAA consented to venue. *See Henry v. Hallahan*, No. 4:13-CV-605, 2015 WL 1467103, at *2 (E.D. Tex. Mar. 30, 2015) (holding that even though a case is properly removed to the Eastern District, venue is not necessarily frozen here and the Court may evaluate whether a transfer of venue is warranted).

Accordingly, the Court finds venue is proper in the Western District of Texas, not the Eastern District. However, in the interest of justice, the Court finds transfer, not dismissal, is the appropriate remedy. *See* 28 U.S.C. § 1406(a). Because the Court finds transfer of the case is warranted, it is unnecessary to address USAA's additional arguments under Rule 12(5) and (6).

## CONCLUSION

It is therefore **ORDERED** that USAA's Motion to Dismiss (Dkt. #16), or in the alternative, transfer is hereby **GRANTED in part**, as set forth herein.

It is further **ORDERED** that the case is **TRANSFERRED** to the Western District of Texas, San Antonio Division.

**SIGNED this 14th day of December, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE